UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERIE SUE DAVIDSON,

        Plaintiff,

v.

WASHINGTON CORRECTIONS
CENTER FOR WOMEN, et al,

        Defendant.

CASE NO. 3:19-CV-6134-BHS-DWC

ORDER

Plaintiff Terie Sue Davidson, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by February 21, 2020, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Washington Corrections Center for Women ("WCCW") alleges her constitutional rights were violated when she contracted a MRSA

infection and was provided inadequate medical treatment after she was in a coma. Dkt. 6. Plaintiff seeks monetary and injunctive relief. Dkt. 6.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has filed two separate complaints which appear to be based on a separate set of circumstances. Dkt. 6. In the first Complaint ("Complaint I"), Plaintiff alleges she contacted a MRSA infection at WCCW which caused permanent brain damage. *See* Dkt. 6 at 1-9. In the second Complaint ("Complaint II"), Plaintiff alleges she spit up blood and food, was "out cold," and went into a coma for four days. *See* Dkt. 6 at 10-13. Plaintiff alleges she has not received

follow up care after the coma, and upon her return to her WCCW she had not been bathed, had not brushed her teeth or hair, and had lesions and bedsores on her body. *Id.*

It appears Plaintiff is attempting to raise two separate claims based on different events against different defendants. Dkt. 6 at 1-13. In both Complaints, Plaintiff names Deborah Wofford, WCCW Superintendent, as a Defendant. *See* Dkt. 6 at 3, 10. However, in Complaint I, she also names the WCCW Medical Director, Mary Colter, as a Defendant, and in Complaint II, she names Correctional Officer Moore and CHI Franciscan. Dkt. 6 at 3, 10. Complaint I was signed on November 3, 2019. Dkt. 6 at 9. Complaint II was signed on April 15, 2019. Dkt. 6 at 13.

However, unrelated claims against different defendants must be pursued in separate actions—the claims may not all be combined into one action. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Accordingly, Plaintiff may not assert multiple claims against unrelated defendants in this action. That all of the Defendants are employed by the DOC is not sufficient to support joinder of claims. Indeed, Plaintiff may not bring a single action for every unrelated incident occurring while housed at WCCW.

In the amended complaint, Plaintiff shall choose which claims she wishes to pursue in this action. If Plaintiff does not do so and her amended complaint sets forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with a Court order. If Plaintiff wishes to pursue unrelated claims against multiple defendants she must file a separate cause of action for each claim.

## INSTRUCTIONS TO PLAINTIFF AND CLERK

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, she must file an amended complaint and within the amended complaint, she must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff may only bring a claim against multiple defendants if: (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before February 21, 2020, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff TWO SEPARATE forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 21st day of January, 2020.

David W. Christel
United States Magistrate Judge