UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERIE SUE DAVIDSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON CORRECTIONS<br>CENTER FOR WOMEN, et al,<br><br>　　　　　Defendant. | CASE NO. 3:19-CV-6134-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 3, 2020 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's Motion to Withdraw and Revoke Case ("Motion"). Dkt. 8. The Court recommends Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court also recommends Plaintiff's $400.00 filing fee not be refunded, but recommends Plaintiff be refunded the overpayment of $105.00.

## BACKGROUND

On January 8, 2020, Plaintiff filed the Complaint and paid the filing fee. Dkt. 7. Plaintiff overpaid the $400.00 filing fee by $105.00 for a total payment of $505.00. *See id.*; Dkt. entry dated January 8, 2020.[1] On January 21, 2020, the Court ordered Plaintiff to file an amended complaint on or before February 21, 2020. Dkt. 7. On January 27, 2020, Plaintiff filed the Motion. Dkt. 8. The Complaint has not been served. *See* Dkt.

In the Motion, Plaintiff requests her case be withdrawn and her $505.00 filing fee be refunded. Dkt. 8.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff requested the dismissal prior to Defendants filing an answer or summary judgment motion. *See* Dkt. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, the Court recommends Plaintiff's request to withdraw her case (Dkt. 8) be granted pursuant to Rule 41(a)(1).

---

[1] Plaintiff previously filed several unsuccessful attempts to seek proceed *in forma pauperis.* Dkt. 1, 2, 3, 4, 5.

1        Plaintiff also requests the Court refund her $505.00 filing fee. Dkt. 8. Plaintiff overpaid the filing fee by $105.00, and the Court recommends the $105.00 overpayment be refunded. *See* Dkt. entry dated January 8, 2020.

       With respect to the remaining $400.00 of the filing fee, the Second, Third, Fifth, and Seventh Circuits have found the voluntary dismissal of an action or appeal, whether filed by a prisoner or not, does not entitle the litigant to a refund of filing fees. *See Porter v. Dept. of Treasury,* 564 F.3d 176, 179–80 (3d Cir. 2009); *Goins v. Decaro,* 241 F.3d 260, 261 (2d Cir. 2001) (finding that pro se inmates proceeding in forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after withdraw of appeals); *Williams v. Roberts,* 116 F.3d 1126, 1127 (5th Cir. 1997) (filing fees are "assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."); *Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir. 1996) (overruled on other grounds by *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000)) ("A solvent litigant must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money.").

       District courts in the Ninth Circuit have also adopted this approach, finding 28 U.S.C. § 1915 has no provision for the return of fees and the decision to file and prosecute a case is made solely by the plaintiff. *See James v. Cropp,* 2012 WL 1669727 *1 (W.D. Wash., April 13, 2012); *Grindling v. Martone,* 2012 WL 4502954, at *2 (D. Haw. Sept. 28, 2012) (plaintiff denied refund after voluntary dismissal); *Green v. Bank of Am.,* 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (same).

       Therefore, the Court recommends Plaintiff's request for a refund of the $400.00 filing fee be denied. The Court recommends Plaintiff be refunded the overpayment of $105.00.

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's Complaint be dismissed without prejudice, and Plaintiff's request for a refund of the $400.00 filing fee be denied. The Court recommends Plaintiff be refunded the overpayment of $105.00.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 3, 2020, as noted in the caption.

Dated this 12th day of March, 2020.

David W. Christel
United States Magistrate Judge